Eastern District of Kentucky
**F I L E D**
MAR 2 4 2019
AT FRANKFORT
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

CRIMINAL ACTION NO. 3:19-CR-26-GFVT

UNITED STATES OF AMERICA     PLAINTIFF

V.     **PLEA AGREEMENT**

WILLIAM ANTHONY CAREY     DEFENDANT

\* \* \* \* \*

1. Pursuant to Federal Rule of Criminal Procedure 11(c)(1), Defendant will enter a guilty plea to the sole Count of the Information, which charges a violation of 18 U.S.C. §§ 242 and 2, for acting under color of law to willfully deprive J.R., an arrestee, of the right, protected and secured by the Constitution and laws of the United States, to be free from unreasonable seizures, which includes the right to be free from the use of unreasonable force by or at the direction of a deputy jailer; resulting in bodily injury to J.R.

2. The essential elements are:

    (a) First, that the Defendant acted under color of law;

    (b) Second, that the Defendant deprived the victim, an arrestee, of the right secured or protected by the Constitution or laws of the United States, to be secure in his person against unreasonable seizures, which includes the right to be free from the use of unreasonable force by or at the direction of a deputy jailer.

    (c) Third, that the Defendant acted willfully; and

    (d)  Fourth, that the crime resulted in bodily injury to the victim.

  3.  As to the charges, the United States could prove the following facts that establish the essential elements of the offense beyond a reasonable doubt, and the Defendant admits these facts:

  On November 18, 2015, Inmate J.R. was arrested and processed into the Shelby County Detention Center (SCDC) without incident. During the booking process, the Defendant, a Shelby County Deputy Jailer, recognized Inmate J.R. and did not like him because the Defendant believed that Inmate J.R. abused the Defendant's wife several years ago when Inmate J.R. dated the Defendant's wife. After Inmate J.R. completed the booking process, he was placed into a cell with approximately twenty other inmates. Less than an hour later, the Defendant went to the cell door and requested that Inmate C.H. assault Inmate J.R.

  After Inmate J.R. fell asleep, Inmate C.H. solicited several other inmates and C.H. and the other inmates brutally assaulted Inmate J.R. They punched J.R. in the face repeatedly and after he fell to the ground, they continued to stomp and kick J.R. in the torso and in his face. The inmates made Inmate J.R. shower to wash off the blood and gave him a clean jumpsuit to conceal the assault. Although the Defendant knew Inmate J.R. was going to be assaulted, the Defendant never returned to the cell during his shift to check on Inmate J.R. and no other deputies came by the cell until several hours later.

  As a result of the assault, Inmate J.R. suffered extreme pain to his face, pain to his back, cuts and bruising on his face and head, and swollen eyes. In the weeks following the

assault, he also suffered severe headaches. Upon his release from custody on December 19, 2015, J.R. sought medical treatment at a local hospital. A CT scan showed multiple facial, orbital, and nasal fractures which required immediate facial reconstructive surgery.

The Defendant directed Inmate C.H. to assault J.R., purposely setting into motion an assault that resulted in serious bodily injury to J.R.

4. The statutory punishment is not more than 10 years imprisonment, a fine of not more than $250,000, or both, and a term of supervised release of not more than 3 years. A mandatory special assessment of $100 applies, and the Defendant will pay this assessment to the U.S. District Court Clerk at the time of the entry of the plea.

5. Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to other calculations. This recommendation does not bind the Court. The United States and the Defendant reserve the right to object to, remain neutral on, or agree with any and all guideline computations that are different.

United States Sentencing Guidelines (U.S.S.G.), November 1, 2018, manual, will determine the Defendant's guideline range.

    (a) Pursuant to U.S.S.G. §1B1.3, the Defendant's relevant conduct consists of the actions described in Paragraph 3 of this document.

    (b) Pursuant to U.S.S.G. §2A2.2, the base offense level for Count 1 is 14 (aggravated assault).

    (c) Pursuant to U.S.S.G. §2A2.2(b)(2)(B), increase the base offense level by 4 levels (dangerous weapon ). The Defendant reserves the right to object to this increase at the time of sentencing.

3

  (d) Pursuant to U.S.S.G. §2A2.2(3)(C) increase the base offense level by 7 levels (permanent or life threatening bodily injury). The Defendant reserves the right to argue that the increase should be 5 levels (serious bodily injury) at the time of sentencing.

  (e) Pursuant to U.S.S.G. §2H1.1(b)(1), increase the base offense level by 6 levels (the offense was committed under the color of law).

  (f) Pursuant to U.S.S.G. §3A1.3 increase by 2 levels (restraint of victim). The Defendant reserves the right to object to this increase at the time of sentencing.

  (g) Pursuant to U.S.S.G. §3B1.1 increase by 3 levels (manager/supervisor of criminal activity involving 5 or more participants). The Defendant reserves the right to argue that the increase should be 2 levels at the time of sentencing.

  (h) Pursuant to U.S.S.G. § 3E1.1, and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

6. No agreement exists about the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

7. The Defendant will not file a motion for a decrease in the offense level based on a mitigating role pursuant to U.S.S.G. § 3B1.2.

8. The Defendant waives the right to appeal the guilty plea and conviction. The Defendant also waives the right to challenge the constitutionality of the statute of conviction. The Defendant reserves the right to appeal any sentencing guideline increase imposed based upon use of a dangerous weapon pursuant to U.S.S.G. §2A2.2(b)(2)(B), restraint of victim pursuant to U.S.S.G. §3A1.3 or permanent or life threatening bodily

4

injury pursuant to U.S.S.G. §2A2.2(3)(C). Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence. The Defendant reserves the right to appeal any order of restitution not agreed to by the Defendant as restitution may be requested by the victim.

9. The Defendant agrees to cooperate fully with the United States Attorney's Office by making a full and complete financial disclosure. Within 30 days of pleading guilty, the Defendant agrees to complete and sign a financial disclosure statement or affidavit disclosing all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party, and disclosing any transfer of assets that has taken place within three years preceding the entry of this plea agreement. The Defendant will submit to an examination, which may be taken under oath and may include a polygraph examination. The Defendant will not encumber, transfer, or dispose of any monies, property, or assets under the Defendant's custody or control without written approval from the United States Attorney's Office. If the Defendant is ever incarcerated in connection with this case, the Defendant will participate in the Bureau of Prisons Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments. If the Defendant fails to comply with any of the provisions of this paragraph, the United States, in its discretion, may refrain from moving the Court pursuant to U.S.S.G. § 3E1.1(b) to reduce the offense level by one additional

level, and may argue that the Defendant should not receive a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a).

10. The Defendant understands and agrees that, pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, the Defendant agrees that it is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. The Defendant waives any requirement for demand of payment on any fine, restitution, or assessment imposed by the Court and agrees that any unpaid obligations will be submitted to the United States Treasury for offset. The Defendant authorizes the United States to obtain the Defendant's credit reports at any time. The Defendant authorizes the U.S. District Court to release funds posted as security for the Defendant's appearance bond in this case, if any, to be applied to satisfy the Defendant's financial obligations contained in the judgment of the Court.

11. If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

12. This document and the plea supplement contain the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky, the Civil Rights Division and the Defendant. The United States has not made any other promises to the Defendant.

13. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

14. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

ROBERT M DUNCAN, JR.
UNITED STATES ATTORNEY

Date: 4/24/19    BY: _____
                     Hydee R. Hawkins
                     Assistant United States Attorney

Date: 4/24/19    BY: _____
                     Anita Channapati
                     Attorney, Civil Rights Division
                     Criminal Section

Date: 4/24/2019       _____
                      Anthony William Carey
                      Defendant

Date: 4/24/2019       _____
                      Jarrod J. Beck
                      Attorney for Defendant

7